IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LEANNE HENSLEY,

              Plaintiff,

    v.

ZGF ARCHITECTS, an Oregon Corporation,

              Defendant.

Case No. 3:20-cv-00793-JR

OPINION AND ORDER

**MOSMAN, J.,**

    On September 17, 2021, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R") [ECF 79], recommending that this court grant Defendant ZGF Architects, Inc.'s Motion to Dismiss [ECF 69] and dismiss Plaintiff Leanne Hensley's Second Amended Complaint, but that the dismissal be without prejudice. No party objected to the F&R. Upon review, I agree with Judge Russo's recommendation to dismiss the complaint. However, I find that the complaint should be dismissed with prejudice. I GRANT the motion and DISMISS Plaintiff's Second Amended Complaint [ECF 55] with prejudice.

## DISCUSSION

    The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to

1 – OPINION & ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Over the course of this case, Plaintiff has filed three different complaints.[1] Compl. [ECF 1]; Am. Compl. [ECF 24]; Second Am. Compl. [ECF 55]. Each time, Judge Russo has carefully analyzed Plaintiff's complaint and found that it failed to meet the requirements under Fed. R. Civ. P. 8(a). Order [ECF 9]; F&R [ECF 24]; F&R [ECF 79]. However, in the F&R before me, Judge Russo recommends I grant dismissal without prejudice. F&R [ECF 79] at 9 n.2. I disagree.

Though "[d]ismissal with prejudice…is a harsh remedy," that harshness "is directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial." *McHenry v. Renne*, 84 F.3d 1172, 1178–79 (9th Cir. 1996) (quoting *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1053 n.4 (9th Cir. 1971)). Here, Plaintiff has failed to articulate a claim with any likelihood of success at trial. Instead, she alleges a Title VII action against a company she never worked for and an invasion of privacy claim that lacks even a shadow of the elements of such a claim. *See* F&R [ECF 79] at 7–8. As such, I find that Plaintiff's complaint cannot "be saved by amendment," and therefore must be dismissed with prejudice.

---

[1] The Court construes Plaintiff's original complaint [ECF 1], which was filed in three parts, *see id.* Ex. 1; *id.* Ex. 2, as one complaint.

*Ewbank v. Emrick*, 859 Fed. Appx. 147, 149 (9th Cir. 2021) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation in part, and I ADOPT the F&R [ECF 79] with the exception of its recommendation that the dismissal of the complaint be without prejudice. I GRANT Defendant ZGF Architects, Inc.'s Motion to Dismiss [ECF 69] and DISMISS Plaintiff Leanne Hensley's Second Amended Complaint [ECF 55] with prejudice.

IT IS SO ORDERED.

DATED this 20th day of October, 2021.

_____
MICHAEL W. MOSMAN
United States District Judge